UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY JAMES HOSLEY,

      Petitioner,

v.                                       Case No. 8:06-cv-1207-T-24MAP

SECRETARY DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Hosley's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Hosley challenges his March 29, 2005 conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

On October 6, 2004, the State filed an Information charging Hosley with one count of Failure To Appear. (Exhibit 1). The Information alleges Hosley failed to appear for a motion hearing, after having been released while awaiting trial on the charge of Failure to Register as Sexual Offender. On March 29, 2005, Hosley pled no contest to failure to appear and was sentenced by the state trial court to five years incarceration. (Exhibit 2: Judgment and Sentence).  Hosley did not pursue a direct appeal.

On July 25, 2005, Hosley filed a motion to vacate sentence pursuant to Fla. R. Crim. P. 3.850. (Exhibit 3). Hosley raised four allegations of ineffective assistance of trial counsel: (1) trial counsel was ineffective for failing to object to Hosley's being released on his own

recognizance while awaiting trial; (2) trial counsel was ineffective for failing to object when Hosley did not receive his first appearance until October 7, 2004, although he was arrested on the charges on August 27, 2004; (3) trial counsel was ineffective for failing to object when Hosley did not receive an adversarial preliminary hearing; and (4) trial counsel was ineffective for failing to object when Hosley's speedy trial limit expired.

On August 15, 2005, the state trial court issued an order summarily denying all four grounds. (Exhibit 4). Hosley appealed the adverse ruling. He filed a pro se initial brief on or about September 13, 2005. (Exhibit 5). Because of the summary nature of the proceeding, the State did not file a responsive brief. (Exhibit 6). On February 15, 2006, in Case No. 2D05-4442, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 7). *Hosley v. State*, 923 So. 2d 501 (Fla. 2d DCA 2006)[table]. The mandate issued March 8, 2006. (Exhibit 8).

## THE PRESENT PETITION

Hosley signed the instant federal petition on June 23, 2006, and filed the petition on June 29, 2006. (Doc. No. 1). The timely-filed petition contains the same four allegations of ineffective assistance of trial counsel that Hosley raised in his Rule 3.850 motion for postconviction relief. Hosley is not entitled to relief on any of his claims because he fails to meet the threshold requirements of 28 U.S.C. § 2254(d) and (e).

## AEDPA STANDARD OF REVIEW

Hosley's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas

'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); see also, Bell v. Cone, 543 U.S. 447 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).

Pursuant to 28 U.S.C. § 2254:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v. Andrade*, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court

confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 140  (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Secy of Dept. of Corrections*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. at 141. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005).

Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

Discussion

Hosley raises four allegations of ineffective assistance of trial counsel in the present petition. To show a violation of the Sixth Amendment right to counsel, Hosley must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Bell v. Cone,* 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). *Strickland* teaches that a defendant

must show counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and that the deficient representation prejudiced him, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. *See also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Hosley must prove both prongs of *Strickland*. Therefore, if Hosley fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

In applying the AEDPA standard to ineffective assistance of counsel claims, the federal court's focus is on whether the state court decision can be viewed as objectively reasonable. *See Wellington v. Moore*, 314 F.3d 1256, 1261 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." (internal quotation omitted)), *cert. denied*, 535 U.S. 1107 (2002).

The state trial court set out its findings of fact and conclusions of law for postconviction relief as follows:

Ground One

- 5 -

The Defendant alleges his trial counsel was ineffective for failing to object to the Defendant being released on his own recognizance while awaiting trial. The Defendant claims that his trial counsel knew that the Defendant was homeless and, because he was released from custody, did not receive notice of the hearing at which he failed to appear, giving rise to the instant offense. However, the Defendant also states in his motion that he received in-court notice at the time the Court ordered his release that he had a hearing set for August 2, 2004 and needed to be present on that date. See Defendant's Motion, p. 4. Because the Defendant was notified in person of the appearance date, he cannot now argue that his release resulted in his failure to appear. Accordingly, the Defendant's trial counsel cannot be deemed ineffective for failing to object to his release, and this claim is denied. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## Ground Two

The Defendant alleges his trial counsel was ineffective in failing to object when the Defendant did not receive his first appearance until October 7, 2004, although he was arrested on the charges on August 27, 2004. Despite the Defendant's claim that he was arrested on August 27, 2004, the record clearly demonstrates that he was not placed into custody for the instant offense until October 7, 2004, the same day he received his first appearance. See Exhibit 3: Pinellas County Justice Information Custody Screen; Exhibit 4: Complaint/Arrest Affidavit. Because the Defendant's first appearance occurred within 24 hours of his arrest, the Defendant's trial counsel was not ineffective for failing to object to the timeliness of the first appearance. Accordingly, this claim is denied.

## Ground Three

The Defendant contends his trial counsel was ineffective for failing to object when the Defendant did not receive an adversarial preliminary hearing. However, pursuant to Florida Rule of Criminal Procedure 3.133(b), a defendant is entitled to a preliminary hearing only if he is not charged in an information or indictment within 21 days from the date of arrest or service of capias. Here, the felony information charging the Defendant was issued on October 6, 2004, one day prior to the Defendant's arrest. See Exhibit 1. Therefore, the Defendant was not entitled to a preliminary hearing and his trial counsel was not ineffective for failing to object when he did not receive one. Accordingly, this claim is denied.

## Ground Four

The Defendant claims his trial counsel was ineffective for failing to object when the Defendant's speedy trial limit expired. This claim has no merit. The Defendant's speedy trial period began to run on October 7, 2004, the date of his arrest on this charge. See Exhibits 3-4; Fla. R. Crim. P. 3.191(a), (d). The Defendant pleaded no contest as charged on March 29, 2005, 174 days after he was taken into custody. See Exhibit 2. Therefore, speedy trial limits had not yet expired, and trial counsel cannot be deemed ineffective for failing to object on these grounds. See Fla. R. Crim. P. 3.191(a). Accordingly, this claim is denied.

(Respondent's Exhibit 4 to Doc. No. 4 [Order Deny Defendant's Motion To Vacate Sentence] at pp. 1-2).

In ruling on Hosley's ineffective assistance of counsel claims, the state trial court recognized the authority of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and correctly and reasonably applied *Strickland* to the facts of this case in reaching its legal conclusions. Because the state trial court's denial of Hosley's ineffective assistance of counsel claims is neither contrary to, nor an unreasonable application of, the *Strickland* standard, this Court is precluded from granting federal habeas corpus relief.

Accordingly, the Court orders:

That Hosley's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Hosley and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

- 7 -

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 23, 2008.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Tony James Hosley